UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOEL CRESPO,

    Plaintiff,

v.                                        Case No: 2:17-cv-11-FtM-99CM

COOK INCORPORATED, COOK MEDICAL, LLC, and WILLIAM COOK EUROPE, APS,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of the Complaint (Doc. #1) filed on January 9, 2017. Plaintiff's "Statement of Venue and Jurisdiction" provides that venue is proper and that personal jurisdiction exists over defendants who "regularly conduct business in this District", however no basis for subject-matter jurisdiction is articulated as required by Fed. R. Civ. P. 8(a)(1) (a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").

If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3). See also Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Therefore, the Court will consider

the possible bases for subject-matter jurisdiction. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.")(citations omitted). Plaintiff alleges negligence, strict liability, breach of warranty, and negligent misrepresentation.[1] None of these claims are premised on a federal statute or the United States Constitution. Therefore, the Court finds no federal question presented for subject-matter jurisdiction under 28 U.S.C. § 1331. Plaintiff sets forth allegations that may support diversity as a basis for subject-matter jurisdiction. This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255, 1261 (11th Cir. 2000).

Plaintiff states that he is a citizen of Florida, and resides in Lehigh Acres, Florida. (Doc. #1, ¶ 2.) Plaintiff does not state whether Florida is where he is domiciled, but he does state he is a citizen of Florida. For purposes of review, the Court will accept that plaintiff is a citizen of Florida. Plaintiff alleges that defendant Cook Incorporated is incorporated in

---

[1] Count Four asserts punitive damages for "oppression, fraud, and/or malice, express or implied", however the basis for the damages and the cause of action is unclear.

Indiana, and that it has its principal place of business in Indiana. (Id., ¶ 3.) Therefore, defendant Cook Inc. is deemed a citizen of Indiana. Plaintiff alleges that Cook Medical, LLC is also an Indiana corporation with its principal place of business in that State, id., ¶ 4, however plaintiff does not identify the citizenship of individual members of the limited liability company, and a limited liability company is a citizen of any state of which a member is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004). Therefore, the Court cannot determine the citizenship of this defendant, or that diversity of jurisdiction is present.

The third defendant, William Cook Europe ApS is alleged to be based in Bjaeverskov, Denmark, and that it conducts regular business in the State of Indiana. (Doc. #1, ¶ 5.) The citizenship of this defendant is not clearly articulated as to its place of incorporation and principal place of business, and therefore the Court cannot determine if diversity of citizenship exists. See 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010) (principal place of business is determined by the "nerve center" test).

Plaintiff does not allege that the amount in controversy exceeds $75,000. Based on the allegations that plaintiff is at risk for future fractures, migrations, perforations and tilting of a Cook Gunther Tulip Filter that was implanted and likely cannot

3

now be removed, and anticipated on-going medical monitoring for the rest of his life, plaintiff may be able to allege the requisite amount in controversy. (Doc. #1, ¶ 27.) Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

The Court notes that the Complaint improperly incorporates all allegations from the Count I into the subsequent counts, Counts II and III. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). The Eleventh Circuit has consistently frowned upon shotgun pleadings such as the one presented herein, and shotgun pleadings "exact an intolerable toll on the trial court's docket." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases). Accordingly, the Eleventh Circuit has established that when faced with a shotgun pleading, a district court should require the parties to file an amended pleading rather than allow such a case to proceed to trial. Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001). In amending the Complaint, plaintiffs should take the opportunity to correct this deficiency.

4

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. #1) is **dismissed** for lack of subject-matter jurisdiction without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this 12th day of January, 2017.

 /s/ John E. Steele
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record